# EXHIBIT A

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **21-CI-00327**<br>Court: **CIRCUIT**<br>County: **NELSON** |

*Plantiff,* **BARBER, CINDY VS. AMERICAN FUJI SEAL, INC.**, *Defendant*

TO:  **STEVE HAZLE**
      **1051 BLOOMFIELD ROAD**
      **BARDSTOWN, KY 40004**

Memo: Related party is AMERICAN FUJI SEAL, INC.

The Commonwealth of Kentucky to Defendant:
**AMERICAN FUJI SEAL, INC.**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*/s/ Diane Thompson*
Nelson Circuit Clerk
Date: **7/13/2021**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20____

_____
Served By

_____
Title

Summons ID: 365547024767309@00000139023
CIRCUIT: 21-CI-00327 Certified Mail
BARBER, CINDY VS. AMERICAN FUJI SEAL, INC.



Page 1 of 1

**eFiled**

*Package: 000002 of 000015*
*Presiding Judge: HON. CHARLES C. SIMMS, III (610193)*
*Package : 000002 of 000015*

NO. 21-CI-327

**NELSON CIRCUIT COURT**
**DIVISION 1**
**JUDGE Simms**

**CINDY BARBER**                                                    **PLAINTIFF**

v.

**AMERICAN FUJI SEAL, INC.**                                        **DEFENDANT**

    **SERVE:**
    **STEVE HAZLE, REGISTERED AGENT**
    **1051 BLOOMFIELD ROAD**
    **BARDSTOWN, KY 40004**

**JURY TRIAL DEMANDED**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**COMPLAINT**

Plaintiff Cindy Barber, for her Complaint against the Defendant, American Fuji Seal, Inc., states as follows:

**PARTIES**

1. The Plaintiff, Cindy Barber (hereinafter "Cindy" or "Plaintiff"), at all times relevant to this Complaint, was and currently is a resident of Bardstown, Nelson County, Kentucky.

2. Defendant, American Fuji Seal, Inc. (hereinafter "Fuji Seal"), is a Delaware corporation with its principal office located at 1051 Bloomfield Road, Bardstown, Kentucky 40004. Its Registered Agent is Steve Hazle, to be served at 1051 Bloomfield Road, Bardstown, Kentucky 40004.

**JURISDICTION AND VENUE**

3. Plaintiff is a resident of Bardstown, Nelson County, Kentucky.

1

Filed        21-CI-00327    07/13/2021        Diane Thompson, Nelson Circuit Clerk

4. Plaintiff brings her cause of action under the Americans with Disabilities Act, as amended, 42 U.S.C. 12101 and the Kentucky Civil Rights Act, KRS Chapter 344.

5. Jurisdiction and venue are proper in Nelson Circuit Court under KRS 23A.010, KRS 452.450, and KRS 452.460(1), as the events causing injury to Plaintiff occurred in Nelson County, as Plaintiff is a resident of Nelson County, and as Defendants conduct for-profit business, including its employment of the Plaintiff, in Nelson County.

6. Plaintiff's causes of action are ripe for review, as she has tendered a timely Charge of Discrimination to the Equal Employment Opportunity Commission. On April 14, 2021, Cindy received a notice of her right to sue, which is attached to this Complaint as Exhibit 1.

## FACTS

7. Cindy began her employment with Fuji Seal in 2014, being hired as a temporary worker. Cindy continued in this role until becoming a Quality Control Associate in 2015.

8. At all times relevant to this complaint, Cindy was over the age of forty.

9. Cindy's role, for her Fuji Seal career, has been in the shipping department, spending most of her time on the warehouse dock.

10. Cindy's day-to-day job duties involved ensuring that every customer product was perfect in quantity, content, and condition.

11. Cindy's job required entering quality control information into a software program and handwriting additional details.

12. There was likewise a requirement for Cindy to inspect the semi-trucks/trailers before shipping the products to ensure their cleanliness and that they were in good condition.

13. While at Fuji Seal, Cindy has seen numerous younger employees find advancement within the company, while the same advancements have not been available to her.

Filed        21-CI-00327    07/13/2021        Diane Thompson, Nelson Circuit Clerk

14. The first opportunity for advancement in which Cindy was passed over involved an assignment as an AX Shipping Administrator in early 2017.

15. The employee hired to the position was 34 years old.

16. Cindy communicated with her team leader, Regina Murph, that she believed she was more qualified for the job than the younger worker, and that she should have been offered the position.

17. With Cindy as a witness, Regina stated to Jamie Fiepke that Cindy had expressed interest in an office job on several occasions.

18. Regina queried Jamie on why Cindy had not been considered for the position, and Jamie avoided the question.

19. Second, a position as a second-shift warehouse supervisor was created in the Fall of 2018. Once again, this was a position which entailed a primarily office role which Cindy had expressed interest in to Fuji Seal.

20. A young man in his 30s, with no shipping, warehouse, or factory experience, was hired for this position.

21. Cindy was the most qualified employee for the position, but she was not considered for the position.

22. Third, another position as a warehouse supervisor came available in April of 2020.

23. At this time, Cindy had six years of experience and had worked very closely with the outgoing, prior warehouse supervisor/foreman, Tom Hagan, routinely fulfilling his job duties when needed.

3

24. Instead of selecting Cindy, who was qualified and experienced with the position, Fuji Seal hired a 22-year-old man in the position. The hired employee had no previous shipping experience in the warehouse.

25. After failing to be promoted for the third time, Cindy complained to Fuji Seal officials about discrimination and asked for an investigation.

26. On June 19, 2020, Cindy met with Beverly Mattingly and Kelly Roby from Fuji Seal's Human Resources department regarding her complaints.

27. These officials told Cindy that she had not been offered the AX Shipping Administrator position in late 2017 due to being away from the job at that time.

28. In 2017, Cindy had utilized Family and Medical leave to take care of her husband, who was suffering from cancer.

29. Cindy understood the purported explanation, related to her Family and Medical leave, to be a statement linking her ability to perform a job with her husband's disability.

30. Fuji Seal's HR, during this discussion, also told Cindy that she was not "friendly" enough.

31. HR went even further, giving Cindy a "career development" meeting on July 31, 2020. At that meeting, Cindy was told by Beverly Mattingly to "put a smile on my face, even if it's a fake smile."

32. Cindy believed and believes that this was a gendered criticism that has not been imposed upon similarly positioned male counterparts. The job did not contain an outward-facing/sales component, and thus it was not a performance criticism in any respect.

33. HR also informed Cindy that she should not "hold a grudge" against the person who got the AX Shipping Administrator job instead of her.

34. Cindy was informed that to move up, it would be necessary for her to make a lateral move to another department and stay in that role for a while before she could advance.

35. That same condition had not been required of the younger, more inexperienced employees which Cindy had seen promoted into the above three jobs.

36. On August 12, 2020, Warehouse & Transportation Manager, Jamie Fiepke, called Cindy into his office to discuss training that Cindy was involved in.

37. Jamie informed Cindy that it was important for her to take part in this training because he did not know how much longer she could "handle the dock".

38. On August 21, 2020, Jamie discussed staffing changes and office reorganization in an office-wide meeting.

39. Jamie singled Cindy out during the meeting, stating that he had considered putting her workstation upstairs, but he did not believe that she would be able to go up and down stairs routinely.

40. Cindy suffered from severe embarrassment and humiliation related to being singled out by Jamie in front of her entire office.

41. On September 16, 2020, Warehouse Supervisor Cody Brown approached Cindy and told her that Jamie informed him that they may need to get an electric cart for her, similar to those used to assist with mobility issues, due to the walking that she did between the office and the dock.

42. Cody laughed after this statement, informing Cindy that he had suggested to Jamie that they needed to purchase an electric scooter for her.

43. Cindy never indicated to anyone, Jamie or otherwise, that she had an infirmity, due to age or disability, that keeps her from walking.

5

44. Cindy was extremely embarrassed by this conversation, as she saw herself as a fully able-bodied employee on-par with her younger coworkers.

45. Cindy believed that these and other instances showed that Jamie and other agents of the Defendant perceived her as disabled or infirm as a result of her age.

46. In the time since her protected complaints to Human Resources, Cindy has been prevented from moving up into positions of greater prestige, compensation, and opportunity, either due to discriminatory bias or retaliatory intent by Fuji Seal and its agents.

## COUNT ONE - AGE DISCRIMINATION

47. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

48. Plaintiff is a worker over the age of forty. The circumstances alleged in this Complaint qualify Plaintiff for protection under the KCRA's age protections for that group.

49. Defendant is an employer within the meaning of the KCRA.

50. Defendant engaged in adverse employment actions against Plaintiff, including but not limited to, when it failed to promote her on multiple occasions.

51. Plaintiff is informed and believes that her age was a motivating factor in Defendant's adverse actions and discrimination.

52. Plaintiff's younger worker counterparts have not received similar treatment. Plaintiff has seen numerous younger and less experienced coworkers promoted above her.

53. The adverse employment action occurred under circumstances that raise reasonable inferences that the Plaintiff's age was a determining factor in the decision to impose the adverse employment actions.

54. Plaintiff is entitled to all relief, legal and equitable, available under the KCRA, including the award of damages and attorney's fees.

6

## COUNT TWO - GENDER DISCRIMINATION

55. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

56. Plaintiff is a female employee of Defendant. The circumstances alleged in this Complaint qualify Plaintiff for protection under the KCRA's gender protections for that group.

57. Defendant is an employer within the meaning of the KCRA.

58. Defendant engaged in adverse employment actions against Plaintiff, including, but not limited to, when it failed to promote her.

59. Plaintiff is informed and believes that her gender was a motivating factor in Defendant's adverse actions and discrimination.

60. Plaintiff's male counterparts have not received similar treatment. Plaintiff faced gendered criticisms when seeking advancement in her career that were not experienced by her male coworkers

61. The adverse employment action occurred under circumstances that raise reasonable inferences that the Plaintiff's gender was a determining factor in the decision to impose the adverse employment actions.

62. Plaintiff is entitled to all relief, legal and equitable, available under the KCRA, including the award of damages and attorney's fees.

## COUNT THREE - ASSOCIATIONAL DISABILITY DISCRIMINATION

63. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

64. Plaintiff was qualified for the positions at Fuji Seal which were given to other employees

65. Plaintiff took advantage of medical leave in 2017 in order to care for her husband, who was suffering from cancer.

7

66. Plaintiff's husband was actually disabled and/or regarded as disabled by the employer and/or the employer's agents.

67. Plaintiff was subject to adverse employment actions, as described herein, including, but not limited to, a failure to promote her.

68. The adverse employment action occurred under circumstances that raise reasonable inferences that the disability of Plaintiff's husband and her association with a disabled person were determining factors in the decision to impose the adverse employment actions, including those that persist in depriving her of advantages and opportunities.

69. Plaintiff is entitled to recover compensatory damages, including damages to compensate for her mental and emotional distress, as well as attorney's fees.

### COUNT FOUR - PERCEIVED DISABILITY DISCRIMINATION

70. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

71. Defendant is an employer within the meaning of the KCRA and the ADA.

72. The Plaintiff was regarded by Defendant as disabled under the respective meanings of the KCRA and the ADA.

73. Defendant further engaged in discriminatory behavior, including, but not limited to, a failure to promote Plaintiff.

74. As a direct and proximate cause of the Defendant's actions, described herein, Plaintiff has suffered from a loss of income and benefits, embarrassment and humiliation, emotional stress, and mental anxiety, for all of which she should be compensated.

75. Plaintiff is entitled to all relief, legal and equitable, available under the KCRA and the ADA.

8

## COUNT FIVE – RETALIATION FOR COMPLAINT

76. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

77. Plaintiff engaged in protected activity under the KCRA by making complaints to Defendant Fuji Seal, including complaints about discrimination, and including a complaint to a government agency charged with addressing such harassment and discrimination.

78. Plaintiff was subjected to adverse actions by the Defendant because she engaged in activity protected under the KCRA.

79. A reasonable employee in Plaintiff's position would have found the Defendant's actions materially adverse.

80. There exists a causal connection between the Defendant's materially adverse actions toward Plaintiff and her protected activity.

81. Defendant's conduct violated the KCRA's anti-retaliation provision, KRS 344.280.

82. But for Plaintiff's protest of its violations, Defendant would not have subjected her to the adverse employment actions, including, but not limited to, a failure to promote Plaintiff, increased workplace scrutiny, and unwarranted criticism and rebuke.

83. As a direct and proximate cause of the Defendant's actions described herein, Plaintiff has suffered from a loss of income and benefits, physical and emotional distress, and mental anxiety, for all of which she should be compensated.

84. Plaintiff is entitled to all relief, legal and equitable, available under the KCRA.

## PUNITIVE DAMAGES

85. Defendant's actions and omissions were committed with malice or reckless indifference to Plaintiff's rights.

86. The employer authorized, ratified, or should reasonably have anticipated its agents' actions as described in this Complaint.

87. Under the federal law, Plaintiff is further entitled to punitive damages, in an amount to be assessed by the Jury.

WHEREFORE, Plaintiff, Cindy Barber, prays that this Court:

a. Declare Defendant's conduct in violation of Plaintiff's rights;

b. Award Plaintiff compensatory damages in such amounts as shall be proved at trial for her economic and other losses, including, but not limited to, back pay, and front pay, as well as any equitable relief the Court deems appropriate;

c. Award Plaintiff damages against Defendant in an amount to be proved at trial for the humiliation, embarrassment, personal indignity, apprehension about her past, current, and future economic well-being, emotional distress, and mental anguish, which have been inflicted upon Plaintiff by Defendant's wrongful acts;

d. Award Plaintiff pre-judgment and post-judgment statutory interest;

e. Award Plaintiff her attorney's fees and costs pursuant to KRS 344; and,

f. Grant Plaintiff such further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff Cindy Barber demands a jury to try all issues so triable by jury.

Respectfully submitted,

*/s/ Robyn Smith*
Robyn Smith  (Ky. Bar No. 92614)
Adam M. Johnson  (Ky. Bar No. 99221)
4350 Brownsboro Road, Suite 110
Louisville, Kentucky 40207
firm@robynsmithlaw.com
(502) 893-4569

Paul Hershberg  (Ky. Bar No. 86660)
PAUL HERSHBERG LAW, PLLC
1161 East Broadway
Louisville, Kentucky  40204
Telephone:  (502) 736-7040
Facsimile:  (502) 736-7510
Email:  paul@hershberglaw.com

*Counsel for Plaintiff*

11

Filed          21-CI-00327          07/13/2021          Diane Thompson, Nelson Circuit Clerk

# EXHIBIT 1

Package:000014 of 000015

Presiding Judge: HON. CHARLES C. SIMMS, III (610193)

Package : **000014 of 000015**

Filed          21-CI-00327          07/13/2021          Diane Thompson, Nelson Circuit Clerk

EEOC Form 161 (11/2020)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Cindy Barber<br>111 Batsell Lane<br>Bardstown, KY 40004 | From: | Louisville Area Office<br>600 Dr Martin Luther King Jr Pl<br>Suite 268<br>Louisville, KY 40202 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 474-2021-00052 | Marcus D. Sanders,<br>Investigator | (502) 582-5826 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____          4/14/21
Alan W. Anderson,                          (Date Issued)
Area Office Director

Enclosures(s)

cc: **Berverly Mattingly**                **Robyn Smith**
    Sr.HR Manager                         **LAW OFFICE OF ROBYN SMITH**
    **AMERICAN FUJI SEA, INC.**           4350 Brownsboro Rd, Suite 110
    1051 Bloomfield Road                  Louisville, KY 40207
    Bardstown, KY 40004